In re Joyce A. RUSH, Debtor.

OAK SUMMIT APARTMENTS (Chelwyn Associates), Plaintiff,

v.

Joyce A. RUSH, Defendant.

Bankruptcy No. 80–01949G.
Adv. No. 80–0507G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 19, 1981.

**198**

Mark C. Schultz, Norristown, Pa., for plaintiff, Oak Summit Apartments (Chelwyn Associates).

Lawrence H. Rudnick, Willow Grove, Pa., for debtor/defendant, Joyce A. Rush.

Jonathan H. Ganz, Philadelphia, Pa., trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should grant relief from the automatic stay provisions of § 362 of the Bankruptcy Code to permit a landlord to recover premises leased by it to the debtor. We conclude that the landlord is entitled to the requested relief "for cause" in that the debtor breached the lease by failing to pay rent for four months prior to filing a petition for relief under Chapter 7 of the Bankruptcy Code.

The facts of the instant case are as follows:[1] Joyce A. Rush ("the debtor") is a tenant in the Oak Summit Apartments located at 310 South Easton Road, Glenside, Pennsylvania, by virtue of a written lease which is due to expire on April 25, 1981. The rent for the debtor's apartment is $405 per month and the debtor paid a security deposit of $425 to Chelwyn Associates ("the landlord") at the inception of the lease. From May through August of 1980, the debtor failed to pay any rent to the landlord. On August 11, 1980, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code ("the Code"). Since that time the debtor has timely paid her monthly rent and has indicated her intention to do so in the future.

On September 2, 1980, the landlord filed a complaint against the debtor in this court seeking a judgment against the debtor in the amount of $1620 (the amount of back rent due by the debtor)[2] and requesting an order evicting the debtor for failure to pay the back rent. Trial was held and concluded on October 20, 1980, at which time we held this matter under advisement pending the filing of briefs by the parties.

Rather than filing a brief in support of the original complaint, the landlord filed an amended complaint and brief in support

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Although the original complaint asserted that the amount of back rent due by the debtor was $1180, the parties later stipulated that the amount due is $1620.

thereof. In its amended complaint, the landlord sought an order requiring the debtor's trustee in bankruptcy, Jonathan Ganz, to assume the debtor's lease and, further, to cure the default within 60 days, pursuant to § 365(b)(1) of the Code.[3] However, the landlord's amended complaint failed to name the trustee as a party to the instant complaint. In the alternative, the landlord's amended complaint requested a modification of the automatic stay provided by § 362 of the Code to permit the landlord to proceed with an action in state court for recovery of the premises. The debtor filed an answer to the amended complaint and a brief in opposition thereto. In her answer to the amended complaint, the debtor contends that the landlord is prohibited from filing an amended complaint *after* trial without leave of this court or consent of the opposing party, neither of which was obtained by the landlord herein.

We disagree with the debtor's procedural argument. While Rule 15(a) of the Federal Rules of Civil Procedure [4] prohibits the filing of an amended pleading after a response to the original pleading has been filed (except by leave of court or consent of the opposing party), Rule 15(b) permits a party to amend its pleading at any time to conform to the evidence presented at trial.[5] In the instant case, the landlord clearly indicated at the trial that it was requesting relief from the automatic stay and the arguments of both parties at that time were directed to that issue. Consequently, we conclude that the landlord may amend his complaint to include his request for a modification of the automatic stay provisions of § 362 of the Code.

However, with respect to the landlord's request that we direct the trustee to assume the lease, we conclude that the landlord may not amend its complaint to include that claim. At the trial of this case, the landlord did not make any reference to such a request and no evidence was offered in support of such a request. Consequently, Rule 15(b) does not permit the amendment of the landlord's complaint to include that request. Further, since the amendment of the complaint is sought after the debtor has filed an answer to the original complaint, Rule 15(a) prohibits the amendment without leave of court or consent of the opposing party, neither of which was obtained herein. Even if the landlord had sought our permission to amend its complaint, there are several reasons why we would have been inclined to deny that request. First, the trustee was not named as a party defendant in this action and he would have had to be joined and given an opportunity to respond before we could direct him to assume the lease. Second, § 365(a) of the Code permits the trustee to assume or reject an executory contract (including an unexpired lease). As we read that section, it is not mandatory for the trustee to assume an executory contract but, rather, it is incumbent on the trustee to determine whether an assumption would be in the best

---

3. Section 365(b)(1) provides:

   (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
   (C) provides adequate assurance of future performance under such contract or lease.
   11 U.S.C. § 365(b)(1).

4. Rule 15 of the Federal Rules of Civil Procedure is made applicable, with minor changes, to adversary proceedings in bankruptcy by Rule 715 of the Rules of Bankruptcy Procedure.

5. Rule 15(b) states in relevant part:

   (b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.
   Fed.R.Civ.P. 15(b).

interests of the estate. Consequently, we would be very hesitant to order a trustee, who has not made that determination, to assume a lease. Third, in a case under chapter 7 of the Code, if the trustee has failed to assume an executory contract within 60 days of the filing of the petition for relief, then that contract is deemed rejected.[6] In the instant case the trustee has failed to assume the lease within the 60 days and, therefore, that lease is deemed rejected. Thus, allowing the landlord to amend its complaint to include a request for an order requiring the trustee to assume that lease would be inappropriate.

■ With respect to the merits of the landlord's request for relief from the automatic stay, we conclude that the landlord is entitled to that relief. The landlord bases its request on the language of § 362(d)(1) which states that the stay may be modified "for cause; including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The landlord contends that the debtor's failure to pay rent for four months was a breach of the lease and is cause to modify the stay to permit the landlord to recover the premises on account of that breach. Further, the landlord contends that its interest in the premises is not adequately protected because the debtor does not propose to pay any of the back rent and because that debt will be discharged preventing the landlord from proceeding against the debtor personally to recover that debt.

The debtor asserts, however, that because the debt for back rent owed by her to the landlord will be discharged, the landlord may not proceed against the debtor to evict her because of her failure to repay that debt. Furthermore, she asserts that because she has paid all rent due after the filing of her petition, the landlord has no further grounds on which to evict her and, therefore, relief from the stay is not warranted.

The debtor misreads section 524(a) of the Code which provides, in relevant part:

§ 524. Effect of discharge.

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal* liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a *personal* liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived.... (Emphasis supplied.)

11 U.S.C. § 524(a). It is crystal clear from the above language that a discharge only prevents a creditor from proceeding against the debtor on the debt as a personal liability. *See* 3 Collier on Bankruptcy ¶ 524.01[3] at 524–9 (15th ed. 1980):

Since a discharge, being personal in character, releases the debtor's personal liability only, it follows that a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien is not avoided by the Code, may be enforced notwithstanding the discharge of the debtor. So also a judgment evidencing a lien is not affected by a discharge except as to the personal liability it imposes on the debtor.

This same reasoning is applicable in the instant case. Here, the discharge of the debtor will eliminate the debtor's personal liability for that debt but does not eliminate any of the other consequences of that debt. Therefore, since the failure to pay rent was a breach of the lease, we conclude that the landlord may pursue any remedy to which it

**6.** *See* § 365(d)(1) which provides:

(d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

is entitled under state law for that breach *except* a remedy against the debtor personally to collect the money due. Such action would not be contrary to the provisions of § 524(a) as stated above.

In the instant case the landlord does not seek to proceed against the debtor personally, but rather seeks to proceed *in rem* in the state court to retrieve the leased premises. An action for the recovery of property under Pennsylvania law is in the nature of an *in rem* proceeding, not an *in personam* proceeding. *See* Pa.Stat.Ann. tit. 68, § 250.501 *et seq.* (Purdon). We conclude that such a proceeding would not be contrary to the provisions of § 524(a).

Hence, just as a mortgagee would be entitled to foreclose on a debtor's realty for pre-petition arrearages, we conclude that the landlord is entitled to relief from the automatic stay in order to permit it to proceed in state court to recover premises leased by the debtor from the landlord where the debtor is in pre-petition default in the payment of rent.