In re Braxton **DIXON**, Debtor.

Jane B. **FORBES**, Trustee,
Plaintiff–Appellee,

v.

Braxton **DIXON**, Defendant–Appellant.

Civ. A. No. 3:88–0378.
Bankruptcy No. 384–01082.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 7, 1988.

Nader Baydoun and James H. Harris, III, Nashville, Tenn., for defendant-appellant.

John C. Hess, Brentwood, Tenn., for plaintiff-appellee.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The debtor Mr. Braxton Dixon (debtor) appeals herein from the order of February 23, 1988 of the Bankruptcy Court of this District, denying him a discharge of his debts in bankruptcy.

Mr. Dixon filed a petition on April 18, 1984 in the Bankruptcy Court of the United States Bankruptcy Code, chapter 13. His

proceeding was converted thereafter to one under chapter 11 of such Code and, eventually to one under chapter 7 thereof. The trustee-appellee then filed a complaint, objecting to the discharge of Mr. Dixon's debts.

The action was tried in such Court on December 16, 17, 1987. On February 9, 1988 such Court denied Mr. Dixon a discharge pursuant to 11 U.S.C. §§ 727(a)(4), (5). The above order of judgment reflected that disposition.

The sole issue is whether the final judgment of the Bankruptcy Court, denying the discharge of the debtor's debts, was clearly erroneous.[1]

11 U.S.C. §§ 727(a)(4), (5), state:

(a) The court shall grant the debtor a discharge, unless—

> \* \* \* \* \* \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

> (A) made a false oath or account;
> (B) presented or used a false claim;
> \* \* \* \* \* \* [or]

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

With regard to 11 U.S.C. § 727(a)(5), *supra*, the Bankruptcy Court found that Mr. Dixon "failed to adequately explain a loss or deficiency of his assets." Such Court reached this determination after finding that Mr. Dixon was not a credible witness, and that he failed to explain adequately what happened to a large sum of money he received several months prior to filing his bankruptcy petition, in a settlement with the State of Tennessee in a condemnation proceeding.[2] The Bankruptcy Court found

---

1. The debtor has attempted to challenge herein orders of the Bankruptcy Court: granting an extension of time to file an objection to discharge, denying the debtor's motion to dismiss the trustee's complaint objecting to discharge, and granting the trustee's motion to amend such complaint. The only order that was appealed, and, therefore, is properly before this Court for

review, is the order of final judgment entered February 23, 1988.

2. The Bankruptcy Court found that Mr. Dixon received over $150,000 from such settlement and that he paid debts with $60,000 of such money, and deposited $97,000 into his personal bank account. The Bankruptcy Court's inquiry

further that "[w]hen the debtor was asked what happened to this money, he testified it probably went to pay bills."

"The Bankruptcy Court's findings of fact are to be accepted unless clearly erroneous, and due regard is to be given the Bankruptcy Judge's opportunity to determine issues of credibility." *In re Cty. Green Ltd. Partnership*, 438 F.Supp. 693, 694[1] (D.C.Vir.1977). Giving due regard to the Bankruptcy Court's finding, that the debtor was not credible, this Court concludes that such Court's finding, that the debtor's explanation of what happened to the pertinent settlement money was not adequate to warrant discharge under 11 U.S.C. § 727(a)(5), *supra,* is not clearly erroneous. Rule 8013, Bankruptcy Rules.

Therefore, the order of February 23, 1988 of the Bankruptcy Court of this District hereby is

AFFIRMED.[3]

---

into a loss of assets was directed at the $97,000 in such account.

**3.** Such disposition renders it unnecessary for this Court to address the issue of whether the

debtor was denied discharge properly pursuant to 11 U.S.C. § 727(a)(4), *supra,* or the debtor's unappealed claims, *supra.*