In re Earl Raymond MACPHERSON, Jr. & Cynthia Ann MacPherson, Debtors.

Sid SHAHEEN and Evalee Shaheen, Plaintiffs,

v.

Earl Raymond MACPHERSON, Jr. & Cynthia Ann MacPherson Defendants.

Bankruptcy No. 87–03292–6P7. Adv. No. 88–095.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

June 15, 1989.

Frank M. Wolff, Maitland, Fla., for defendants.

Thomas R. Peppler, Winter Park, Fla., for plaintiffs.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is a challenge to the Debtors' right to their general bankruptcy discharge. The challenge is presented in the form of a one Count Complaint filed by Sid and Evalee Shaheen (Plaintiffs) in the above captioned adversary proceeding. The claim in Count

I is based on §§ 727(a)(3) & (a)(5) of the Bankruptcy Code and alleges that the Debtors have failed to satisfactorily explain a loss of their assets and have failed to keep adequate books and records from which their financial condition might be ascertained. The facts as established at the final evidentiary hearing which are relevant to a resolution of this matter are as follows:

On June 16, 1986, the Debtors and the Plaintiffs entered into an Agreement for Sale and Purchase, whereby the Plaintiffs agreed to purchase the residence of the Debtors located in Orlando, Florida. The agreement provided for a purchase price of $125,000.00 with the Plaintiffs to provide a deposit in the amount of $45,000.00 to be held in escrow by the Debtors. The agreement also provided, inter alia, that the Plaintiffs would obtain financing as a condition precedent to the consummation of the agreement.

It appears that the Plaintiffs were unable to obtain financing and attempted to secure the return of their deposit notwithstanding that the agreement was never formally cancelled by the parties. In fact, the parties attempted to keep the agreement viable until the end of 1986. At the end of the year it appears that the Plaintiffs finally obtained financing. However, the Debtors refused to close.

On January 13, 1987, the Plaintiffs filed a lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, seeking damages as a result of the Debtor's failure to close and for the return of their deposit. During the pendency of this lawsuit, the Debtors used a significant portion of the deposit to purchase improved real property, later on claimed as their homestead. On October 21, 1987, a Final Judgment was entered in the Circuit Court in favor of the Plaintiffs and against the Debtors in the amount of $500.00 to compensate the Plaintiffs for their actual damages and to return the remainder of the deposit, $44,500.00, to the Plaintiffs.

The Plaintiffs duly recorded their Final Judgment in the Public Records of Orange County, Florida, and on December 3, 1987, obtained a writ of execution from the Clerk of the Circuit Court.

On December 23, 1987, the Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code and claimed as their homestead exemption, the residence which they had purchased with the down payment made by the Plaintiffs. The Debtors' schedule of assets included, as noted earlier, the home claimed as exempt and a 1987 Ford Bronco. The record reveals that during the 18 months prior to the filing of the petition for relief, the Debtors had at their disposal the following:

(a) The $45,000.00 deposit.

(b) $12,000.00 loan obtained from Delta Airlines Credit Company.

(c) $25,000.00 from the sale of certain real property owned by them.

(d) $6,000.00 generated from the sale of a small parcel of real estate.

This totals $88,000.00 in cash which the Debtor claims to have spent both by paying their living expenses, and by making an additional $30,000.00 undocumented and unsecured loan to Mr. MacPherson's brother.

It is the Plaintiffs' contention first that the Debtors failed to keep any books or records from which their financial condition could be ascertained and, second, they failed to adequately explain the loss of the cash assets, therefore, their discharge should be denied pursuant to § 727(a)(3) and § 727(a)(5) of the Bankruptcy Code. These sections provide in pertinent part as follows:

§ 727. Discharge

(a) The Court shall grant the Debtor a discharge, unless ...

(3) the Debtor has ... failed to keep or preserve any recorded information ... from which the Debtor's financial condition or business transaction might be ascertained unless such act or failure to act was justified under all of the circumstances of the case; ...

(5) the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph,

any loss of assets or deficiency of assets to meet the Debtor's liabilities.

■ It should be noted at the outset that as a general proposition the provisions dealing with a general bankruptcy discharge are to give a debtor a new opportunity in life and a clear field for future effort. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Locan Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) It is equally clear that the burden of proof is placed on the creditor who challenges a Debtor's right to a discharge, Bankruptcy Rule 4005, *In re Black*, 787 F.2d 503 (10th Cir. 1986). However, when a Debtor's right to a discharge is challenged under § 727(a)(3) the initial burden to establish a claim under this section is on the objecting creditor, the burden shifts to the debtor who must establish either that he maintained adequate books from which his financial condition could be ascertained, or that the failure to keep adequate books and records was justified under the circumstances of the particular case. *In the Matter of Esposito*, 44 B.R. 817 (Bkrtcy.S.D.N.Y.1984).

■ The same principles are also applicable concerning the claim based on § 727(a)(5). Accordingly, once it is established that the debtor has cognizable ownership interest in a specific identifiable property at a time not too far removed in time from the date of filing his petition, the burden shifts to the debtor to explain satisfactorily the loss of that particular asset if at the time the petition is filed, the debtor claims that it no longer has the particular property. *In re Chalik*, 748 F.2d 616 (11th Cir.1984). The explanation furnished by the Debtor must be satisfactory and must be strong enough to convince the trier of fact. *In re Shapiro and Ornish*, 37 F.2d 403 (N.D.Tex.1929) *aff'd* 37 F.2d 407 (5th Cir.1930). While *Shapiro, id*, was decided under the Act of 1898, the current version of the previous § 14(c)(7) is substantially the same as § 727(a)(5) and therefore cases decided under the Act are still relevant. See *In re Martin*, 698 F.2d 883 (7th Cir. 1983) vague and indefinite explanations of losses such as "monies were spent" or "lost through gambling" without documentation is unacceptable. *In re Reed*, 700 F.2d 986 (5th Cir.1983).

■ Viewing the facts as developed in this case, this Court is satisfied that Mr. MacPherson failed to keep adequate books and records from which his financial condition can be ascertained and his failure to do so was not explained nor justified under the circumstances of this case by Mr. MacPherson. At the very minimum, Mr. Mac-Pherson should have maintained cancelled checks and a checking account. Mr. Mac-Pherson was employed and earned an annual income of $26,400.00 in take home pay. At the final evidentiary hearing, Mr. MacPherson stated he had no records and documents to back up his alleged loan transaction to his brother nor to document the disposition of his cash assets during the eighteen months relevant to this controversy. It is equally true that the Debtor, Mr. MacPherson, failed to furnish a satisfactory explanation as to the disposition of the monies he had at his disposal during the 18 months prior to the commencement of this case.

Based on the foregoing this Court is satisfied that the Plaintiffs have established with the requisite degree of proof all the operating elements of § 727(a)(3) and (a)(5) of their claim against Mr. MacPherson.

■ This leaves for consideration the claims directed by the Plaintiffs against Mrs. MacPherson. The Debtor, Mrs. Mac-Pherson, is a housewife. While the cash available to both Mr. and Mrs. MacPherson may have been technically owned by both of them there is nothing in this record which would warrant the finding that she actively participated in the disposition of any part of the funds involved, nor is there any evidence that she was, in fact, engaged in extensive commercial transactions which would require her to maintain books and records. In sum, this Court is satisfied that while Mr. MacPherson should not receive a discharge for the reasons stated, the challenge to the right of Mrs. MacPherson cannot be sustained.

A separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.