In re Earl Raymond MacPHERSON
Jr. & Cynthia Ann MacPherson,
Debtors.

Earl Raymond MacPHERSON
Jr., Appellant,

Cynthia Ann MacPherson,
Cross–Appellee,

v.

Sid SHAHEEN & Evalee Shaheen,
Appellees & Cross–Appellants.

No. 89–0687–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

April 30, 1991.

Frank M. Wolff, Maitland, Fla., for debtors.

Sherri K. DeWitt, Graham, Clark, Pohl & Jones, Winter Park, Fla., Peter N. Hill, Orlando, Fla., for appellees and cross-appellants.

## ORDER

G. KENDALL SHARP, District Judge.

Earl Raymond MacPherson Jr. appeals the decision of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, denying him a discharge from his debts. *In re MacPherson*, 101 B.R. 324 (Bankr.M.D.Fla.1989). The court granted his wife, Cynthia Ann MacPherson, a discharge. Sid and Evalee Shaheen cross-appeal the bankruptcy court's decision regarding Mrs. MacPherson. The issue on appeal is whether the Shaheens established a prima facie case that the MacPhersons failed to keep adequate books and records from which their financial condition could be ascertained and failed to explain satisfactorily the loss of $88,000.00 in cash assets. This court concludes that the Shaheens set forth a prima facie case against Mr. MacPherson but not against Mrs. MacPherson and, therefore, affirms the bankruptcy court.

## I. Facts

In June 1986, the Shaheens agreed to buy the MacPhersons' Orlando, Florida, home for $125,000.00 and provided the MacPhersons with a $45,000.00 deposit to be held in escrow. As a condition precedent to their agreement, the Shaheens had to obtain financing. In late 1986, when the Shaheens received financing, the MacPhersons refused to close on the property. Consequently, in January 1987, the Shaheens filed a lawsuit in state court seeking both the return of their deposit and damages. During the course of the state-court action, the MacPhersons used a significant portion of the Shaheens' deposit to purchase improved real property. In October 1987, the state court entered a final judgment in favor of the Shaheens for $44,500.00 and gave the MacPhersons $500.00 to compensate them for their actual damages. The Shaheens recorded the final judgment in the public records of Orange County, Florida, and obtained a writ of execution from the clerk of the state court in early December 1987.

In late December 1987, the MacPhersons filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In their schedule of assets, which was filed along with their petition, the MacPhersons included the property they had purchased with the Shaheens' deposit. During the eighteen months before they filed their petition for relief, the MacPhersons had $88,000.00 in cash assets, composed of $45,000.00 from the Shaheens' deposit, $12,000.00 in a loan from the Delta Airlines Credit Company, $25,000.00 from the sale of real property, and $6,000.00 from the sale of another parcel of real estate. Mr. MacPherson claimed the $88,000.00 was spent by paying his and his wife's living expenses and by making an undocumented and unsecured loan of $30,000.00 to his brother.

In March 1987, shortly after the MacPhersons filed for bankruptcy, the Shaheens brought an action in the United States Bankruptcy Court to determine whether the MacPhersons should be discharged from their debt. They claimed the MacPhersons disposed of their cash assets to avoid paying the Shaheens the $44,500.00 state-court judgment and to create sufficient insolvency to justify their bankruptcy filing. A hearing was held before the Honorable Lionel Silberman in November 1988. After the hearing, but before a written order was issued, Judge Silberman passed away. The case was transferred to the Honorable Alexander L. Paskay, and the parties stipulated to the entry of a final judgment based on Judge Paskay's examination of the hearing transcript. After reviewing the transcript, Judge Paskay determined the Shaheens had set forth a prima facie case against Mr. MacPherson. He ruled that Mr. MacPherson neither kept books and records from which his financial condition could be ascertained nor sufficiently explained the loss of the $88,000.00. As such, Judge Paskay denied Mr. MacPherson a discharge. The judge, however, granted Mrs. MacPherson a discharge because nothing in the record established that she actively disposed of the funds or that she was required to keep books and records.

## II. Legal Analysis

### A. Standard of Appellate Review

■ A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instruction for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." 11 U.S.C.Bankr.R. 8013 (1988). A district court reviews a bankruptcy judge's conclusions of law in a de novo manner. See In re Fielder, 799 F.2d 656, 657 (11th Cir.1986) (per curiam). Thus, a district court defers to the ruling of a bankruptcy court "unless its factual findings are clearly erroneous or it applies the incorrect legal standard." In re Cox, 904 F.2d 1399, 1401 (9th Cir.1990); accord In re Fielder, 799 F.2d at 657. This court agrees with the bankruptcy court's factual findings and its legal conclusions regarding Mr. and Mrs. MacPherson.

## B. Burdens of Proof

■ In the bankruptcy court proceedings, the Shaheens challenged the MacPhersons' ability to be discharged from their debts. Because the Shaheens objected to the discharge, they had the initial burden of proof at the hearing. *In re Chalik*, 748 F.2d 616, 619 (11th Cir.1984) (per curiam); 11 U.S.C.Bankr.R. 4005 (1988). They had to show that the MacPhersons failed to keep books or records from which their financial situation could be ascertained and that the MacPhersons could not sufficiently explain the loss of their cash assets of $88,000.00. 11 U.S.C. § 727(a)(3), (5) (1988). Once the Shaheens showed a basis for their objection, the burden of proof shifted to the MacPhersons to explain the loss of their cash assets in a satisfactory manner. *In re Chalik*, 748 F.2d at 619. A satisfactory explanation is one that convinces the court. *Id.* "Vague and indefinite explanations of losses such as 'monies were spent' or 'lost through gambling' without documents is unacceptable." *In re Goblick*, 93 B.R. 771, 775 (Bankr.M.D.Fla.1988). "The debtor will be required to produce some kind of direct, specific evidence in order to defeat an objection [of discharge] based upon failure to explain a loss of assets." *In re Ridley*, 115 B.R. 731, 737 (Bankr.D.Mass.1990) (citing *McBee v. Sliman*, 512 F.2d 504, 506 (5th Cir.1975)). "The question of whether a debtor satisfactorily explains a loss of assets is a question of fact." *In re Chalik*, 748 F.2d at 619.

## C. Mr. MacPherson

■ After reading the hearing transcript, this court agrees with the bankruptcy court that the Shaheens set forth a prima facie case against Mr. MacPherson. The Shaheens showed he had no records or documents to account for the manner in which he spent the $88,000.00 during the eighteen months preceding the bankruptcy filing. Mr. MacPherson explained that he loaned $30,000.00 to his brother and used the remaining cash for living expenses. The bankruptcy court did not accept his explanation and noted that, at the minimum, he should have maintained cancelled checks and a checking account. *In re MacPherson*, 101 B.R. 324, 326 (Bankr. M.D.Fla.1989). Because Mr. MacPherson did not have records and did not sufficiently rebut the Shaheens' prima facie case, this court affirms the bankruptcy court's denial of a discharge to Mr. MacPherson. *In re Ridley*, 115 B.R. at 738 ("In general, undocumented explanations will not be held satisfactory") (citing *In re Chalik*, 748 F.2d 616, 620 (11th Cir.1984) (per curiam)); *In re Dixon*, 91 B.R. 457, 458–59 (M.D.Tenn.1988) (denying discharge where debtor explained that assets went to pay bills), *aff'd*, 884 F.2d 578 (6th Cir.1989).

## D. Mrs. MacPherson

■ Although the bankruptcy court denied Mr. MacPherson a discharge, it granted one to Mrs. MacPherson even though she did not attend the hearing. Despite some question whether the Shaheens needed to subpoena Mrs. MacPherson to testify, a subpoena was unnecessary. According to Bankruptcy Rule 4002(2), "the debtor shall ... attend the hearing on a complaint objecting to discharge and testify, if called as a witness...." 11 U.S.C.Bankr.R. 4002(2) (1988); 3 *Collier on Bankruptcy* ¶ 521.14 (L. King 15th ed. 1990).

Under the former Bankruptcy Act and the former Bankruptcy Rules, a debtor who failed to appear at a hearing waived his discharge; the current Bankruptcy Code and Rules do not contain a similar provision. *Id.* Yet, because Mrs. MacPherson did not attend the hearing, the Shaheens could have moved for a default judgment against her. *E.g., In re Lowndes*, 95 B.R. 194, 196 (D.Colo.1989); 11 U.S.C.Bankr.R. 7055 (1988). Moreover, the Shaheens could have presented enough evidence with respect to Mrs. MacPherson "to raise an inference of conduct proscribed by the provisions under which the complaint [was] brought" to deny her a discharge. *In re Hunn*, 51 B.R. 981, 982 (Bankr.M.D.Fla.1985) (debtor denied discharge for failing to appear at hearing and to rebut prima facie case established by creditor); *see also In re Howard*, 55 B.R. 580, 583 (Bankr.E.D.N.C.1985) (debtor's

failure to attend the trial of the objection to his discharge was sufficient to deny him a discharge, where creditor presented evidence that clearly supported the denial). The Shaheens, however, neither moved for a default judgment nor offered any evidence regarding Mrs. MacPherson that would raise an inference of conduct proscribed by 11 U.S.C. § 727. As such, this court agrees with the bankruptcy court's decision granting Mrs. MacPherson a discharge.

### III. Conclusion

At the hearing on the complaint objecting to discharge, the Shaheens presented a prima facie case against Mr. MacPherson. Mr. MacPherson did not keep records or books and did not satisfactorily explain the loss of the cash assets. Therefore, this court AFFIRMS the bankruptcy court's decision denying Mr. MacPherson a discharge. The Shaheens were also responsible for setting forth a prima facie case against Mrs. MacPherson. Because they did not bear their burden of proof, this court AFFIRMS the bankruptcy court's decision granting Mrs. MacPherson a discharge.

It is SO ORDERED.