148 B.R. 966 (1992)
In re Bernice CURRY, Debtor.
Bernice CURRY, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
In re Shirley LEE, Debtor.
Shirley LEE, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
Nos. 92-1000-CIV, 92-1165-CIV.
United States District Court, S.D. Florida.
December 31, 1992.
*967 Barbara G. Goolsby, Miami, FL, for debtor.
Henry N. Gillman, Miami, FL, for Dade County.

ORDER REVERSING BANKRUPTCY COURT ORDERS
ARONOVITZ, District Judge.
THIS IS a consolidated appeal by Bernice Curry and Shirley Lee, Chapter 7 debtors, from Bankruptcy Court Orders granting Metropolitan Dade County's motions for relief from stay to continue eviction procedures in state court and denying Debtors' motions to retain possession of public housing unit without curing a pre-bankruptcy default in rent, entered by Chief Judge Sidney M. Weaver of the United States Bankruptcy Court for the Southern District of Florida on April 7, 1992 in the Bernice Curry case and on April 29, 1992 in the Shirley Lee case.
THE COURT has considered the briefs on appeal, the arguments of counsel, the trial transcripts, the decisions of the lower court, and the applicable law, and is otherwise *968 fully advised in the premises. For the following reasons, the Bankruptcy Court Orders appealed from herein, are REVERSED.
Background
These two bankruptcy appeals were consolidated for oral argument. They were consolidated because both appeals involve similar facts and identical legal issues, and:
1. In both cases, a public housing tenant was a defendant in a state court eviction action for non-payment of rent brought by Metropolitan Dade Count;
2. In both cases, after the state eviction action was filed, but before judgment, the tenant filed a Chapter 7 petition in bankruptcy to discharge the debt or rent;
3. The issue on appeal is identical in both cases, i.e., whether the Bankruptcy Court violated the provisions of 11 U.S.C. § 525(a) and erred as a matter of law by denying Debtors' motions to retain possession of their public housing apartments and granting Metropolitan Dade County's motions for relief from stay in order to proceed to evict the Debtors in state court for nonpayment of rent which was being discharged in a Chapter 7 bankruptcy;
4. In both cases, the appellant is being represented by Legal Services of Greater Miami, Inc.; and
5. In both cases, Appellee Metropolitan Dade County is being represented by the Dade County Attorney's Office.
Facts
In re: Bernice Curry
Debtor/Appellant Bernice Curry is a 66 year old woman suffering from diabetes and other ailments who has lived for ten years in public housing owned by Dade County. She shares her apartment with her daughter who is dying of AIDS. Bernice Curry has disability income from the Social Security Administration of $418 per month. Her daughter receives Supplemental Security Income of $407 per month. Bernice Curry's rent in public housing, based on the family's income, is $178 per month. Bernice Curry got behind in her rent after she was the victim of a robbery and because of increased expenses in connection with her daughter's terminal illness.
On September 11, 1991 Dade County served notice on Bernice Curry, attempting to terminate her public housing for nonpayment of rent; and on November 26, 1991 Dade County filed a complaint for eviction in state court. Bernice Curry has challenged the notice as being defective.
On February 11, 1992, while the eviction was pending, Bernice Curry filed a Chapter 7 petition in Bankruptcy Court listing a dischargeable debt of $1,444 in pre-petition rent to Dade County. Bernice Curry filed a motion to retain possession of her public housing apartment without curing the prebankruptcy debt of rent, and Dade County filed a motion for relief from stay in order to proceed to evict Bernice Curry. In one Order, the Bankruptcy Court denied Bernice Curry's motion and granted Dade County's motion. This appeal followed; the Bankruptcy Court granted a stay pending appeal and authorized a supersedeas bond of $178 per month, which is the equivalent of the monthly rent payments and in lieu thereof.
After the Chapter 7 petition was filed, Dade County did not seek to collect the prepetition rent which was entered on June 8, 1992. Dade County sought possession of the unit because of the Debtor's violation of the lease which states that the lease can be terminated for good cause such as failure to pay rent. The Debtor is not currently living in the unit.
In re: Shirley Lee
Shirley Lee receives disability income for a heart condition and high blood pressure and lives with her five minor children in her public housing unit, which she leased beginning on April 1, 1991. She failed to pay rent in July, 1991, and on July 15, 1991 Shirley Lee was mailed a notice attempting to terminate her lease for non-payment of rent. On November 15, 1991 Dade County filed a state court complaint for possession of the premises. Shirley Lee has challenged the notice as being defective.
*969 On December 23, 1991 the parties entered into a Stipulation of Settlement in which Shirley Lee agreed to pay the money she owed in several installments. In January, 1991 Shirley Lee tendered cash to the Dade County HUD manager; however, it was refused because it was less than the agreed amount of the payment according to the Stipulation of Settlement.
On January 30, 1992 the state court ruled that a writ of possession should issue on February 8, 1992. On February 7, 1992 Shirley Lee filed a Chapter 7 petition in Bankruptcy Court listing a dischargeable debt of $1,827 in pre-petition rent to Dade County.
The Bankruptcy Court denied Shirley Lee's motion to retain possession of her public housing apartment without curing the pre-bankruptcy debt of rent and granted Dade County's motion for relief from stay to proceed to evict Shirley Lee. This appeal followed; the Bankruptcy Court granted a stay pending appeal and authorized a supersedeas bond of $117 per month, which is the equivalent of the monthly rent payments and in lieu thereof.
After the Chapter 7 petition was filed Dade County did not seek to collect the prepetition rent and did not oppose the discharge of the pre-petition rent which was entered on June 1, 1992. Dade County sought possession of the unit because of the Debtor's violation of the lease, which can be terminated only for good cause, such as failure to pay rent.
Discussion
Appellants' arguments begin by stating that Congress enacted 11 U.S.C. § 525(a)[1] to prevent the government from depriving a debtor of a fresh start under the Bankruptcy Code. They point out that Collier on Bankruptcy observes that Section 525(a) has been applied to prevent revocation of the right to live in public housing based on non-payment of rent that is a dischargeable debt in bankruptcy. See 5 Collier on Bankruptcy § 1300.82 (15th ed. 1991).
Appellants argue that the right to live in public housing is in essence a grant of subsidy which makes possible lower rents. Further, they state, it is well-established in case law and HUD regulations that tenants may be evicted from public housing only for valid cause. 24 C.F.R. § 966.4(l)(1); see, e.g. Tyson v. N.Y. City Housing Auth., 369 F.Supp. 513 (S.D.N.Y.1974). Therefore, they conclude, if a public housing authority seeks to evict a tenant solely for non-payment of rent, and the tenant eliminates the debt of rent through a discharge in bankruptcy, then the public housing authority no longer has a valid cause to evict.
Appellants also state that all courts that have dealt with the issue have held that a public housing authority violates 11 U.S.C. § 525(a) by attempting to evict a resident who has sought discharge in bankruptcy of a pre-bankruptcy debt of rent. In re Gibbs, 9 B.R. 758 (Bankr.D.Conn.1981), reaff'd In re Gibbs, 12 B.R. 737 (Bankr. D.Conn.1981), aff'd, Gibbs v. Housing Auth. of New Haven, 76 B.R. 257 (D.Conn. 1983); In re Syzmecki, 87 B.R. 14 (Bankr. W.D.Pa.1988); In re Sudler, 71 B.R. 780 *970 (Bankr.E.D.Pa.1987); In re Amhurst, No. 84-02064T (Bankr.E.D.Pa.1985). All such cases, they note, began as public housing eviction cases in state court for non-payment of rent. In each case the debtor filed bankruptcy to discharge the rent owed before the debtor had been put out of possession. In each case, the public housing authority was prevented from evicting the debtor in order to revoke the debtor's rent subsidy payments. Appellants conclude that all of the courts were clear that to allow the public housing authority to proceed with the eviction after a bankruptcy petition was filed would violated Section 525(a).
In the instant case, Appellants state, the Bankruptcy Court chose to ignore the above-noted authority on the theory that since the eviction case was filed first, Section 525(a) did not apply. Appellants argue that there is no statutory basis for the theory and no public policy basis for limiting the protection of Section 525(a) to those debtors who win a race to the courthouse.
Appellee Metropolitan Dade County contends that the Bankruptcy Court correctly granted its motion for relief from stay. It argues that under 11 U.S.C. § 362(d)[2] a Bankruptcy Court must grant relief from the automatic stay on request of a party in interest (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.
Appellee notes that it is well-established law that a landlord is entitled to relief from stay to pursue state court remedies against a debtor/tenant notwithstanding the fact that the debt is dischargeable. In In re Rush, 9 B.R. 197 (Bankr.E.D.Pa.1981), Appellee states, the court held that the landlord may pursue any state law remedy for the debtor's breach, except a remedy against the debtor personally. That court reasoned that 11 U.S.C. § 524, regarding the effect of a discharge, only prevents a creditor from proceeding against the debtor on the debt as a personal liability; therefore, Appellee concludes, the discharge only extinguishes the debtor's personal liability for that debt, but does not eliminate any of the other consequences of the debt.
Furthermore, Appellee argues, to establish a violation of Section 525(a), a debtor must demonstrate that the governmental unit's discrimination is solely because the debtor sought relief under Title 11. See In re Norton, 867 F.2d 313, 316 (6th Cir.1989) and In Matter of Spaulding, 116 B.R. 567, 572-573 (Bankr.S.D.Ohio 1990).
Appellee compares the instant case to In re Lutz, 82 B.R. 699 (Bankr.M.D.Pa.1988) in which a private landlord that received a rent subsidy from the Department of Housing and Urban Development sought relief from the automatic stay in order to continue state proceedings to evict the debtor for non-payment of rent. The landlord was not attempting to collect pre-petition rent, but seeking to terminate its economic relationship with the debtor. Although the landlord was not a governmental unit, the court analyzed Section 525 and concluded that even if the landlord was a governmental unit it would find no violation.
This Court concludes that the line of cases represented by In re Sudler, 71 B.R. 780 (Bankr.E.D.Pa.1987) is the prevailing law and should apply here.
*971 Appellee also argues that under 11 U.S.C. § 365(b)(1)(A)[3] if a debtor is in default of an unexpired lease, the debtor may not assume the lease unless she cures the default, or provides adequate assurance that it will be promptly cured; and the debtor must also compensate for any actual pecuniary loss resulting from such default and provide adequate assurance of future performance.
Appellants Bernice Curry and Shirley Lee contend that in the present case there can be no question that Dade County seeks to revoke the governmental grant of the rent subsidy to Appellants solely because they have not paid a debt (the pre-petition rent arrearage) which they listed as a debt to be discharged in the Bankruptcy Court. Therefore, Appellant claims that Section 525 controls, by its plain terms:
A governmental unit may not ... revoke [a] grant to ... a person that is or has been a debtor under this title ... solely because such ... debtor ... has not paid a debt that is dischargeable in a case under this title.
Appellants argue that the County attempts to avoid the result dictated by the plain language of the statute by characterizing the statute as being limited to instances of governmental discrimination against persons who file bankruptcy. Appellants assert that they are relying on the language noted above, which does not require a showing of discrimination.
Appellants also point out that the County contends that 11 U.S.C. § 365(b)(1)(A) requires affirmance of the Bankruptcy Court's Orders. Appellants argue that implicit in this argument is a contention that Section 365(b)(1)(A) negates the effect of Section 525(a). Appellants claim that the County overlooks the well-established principle of statutory construction that when two statutory provisions conflict, the more specific controls over the more general as to those matters specified. They argue that Section 525(a) is more specific and controls over Section 365(b)(1)(A) because Section 525(a) is directed at a specific type of creditor, the governmental unit, and a specific type of creditor behavior, the denial or revocation of a governmental benefit.
As stated in In re Sudler, 71 B.R. 780 (Bankr.E.D.Pa.1987): "If the landlord's only basis for a claim of termination of a lease is that the debtor owes pre-petition rent, this basis may not constitute the requisite `good cause' especially in light of the fresh start principle of Local Loan Co. v. Hunt, 292 U.S. 234, 244-245 [54 S.Ct. 695, 699, 78 L.Ed. 1230] (1934)." Id. at 787.
Finally, Appellants argue that a holding in their favor will cause no prejudice to the Appellee. They argue that it will not cause the County to lose their pre-petition rent, because that has already been discharged, and the discharge is not under challenge; nor will reversal affect post-petition rent, which cannot be discharged. Tenants who choose to discharge back rent in bankruptcy cannot seek another discharge for six years. 11 U.S.C. §§ 727(a)(8) and 727(a)(9). If the County is allowed to proceed with its eviction, Appellants argue it will receive no monetary benefit  the County will get a new tenant who will be under no greater duty to pay rent as it comes due than Appellants would be if they kept their tenancy. Meanwhile, Appellants will be added to the rolls of the homeless.
Analysis
The issue on appeal is whether the Bankruptcy Court violated the provisions of 11 U.S.C. § 525(a) and erred as a matter of law by denying Debtors' motions in a Chapter 7 case to retain possession of their public housing apartments without curing a pre-bankruptcy debt of rent which was to be discharged in the bankruptcy and granting Metropolitan Dade County's motion for relief from stay to evict the Debtors from their public housing apartments for nonpayment *972 of the pre-bankruptcy debt of rent which was to be discharged.
The applicable standard of appellate review is whether the Bankruptcy Court committed an error of law. A District Court reviews a Bankruptcy Judge's conclusions of law in a de novo manner. In re MacPherson, 129 B.R. 259, 260 (M.D.Fla.1991) (citing In re Fielder, 799 F.2d 656, 657 (11th Cir.1986)).
This Court finds that the Bankruptcy Court's conclusions of law in interpreting 11 U.S.C. § 525(a) were incorrect. As Appellants argue, 11 U.S.C. § 525(a) controls over 11 U.S.C. § 365(b)(1)(A), because as a matter of statutory construction Section 525(a) is more specific. In re Nadler, 122 B.R. 162, 166 (Bankr.D.Mass. 1990) (citing Jett v. Dallas Independent School Dist., 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). Section 525(a), by its plain language, applies to the facts of this case. It is clear that Metropolitan Dade County is attempting to evict the Debtors, Bernice Curry and Shirley Lee, thereby revoking the governmental grant of the rent subsidy, due to the non-payment of a debt that is dischargeable in bankruptcy in direct violation of Section 525(a).
In reaching this conclusion, this Court specifically adopts the reasoning of In re Sudler, 71 B.R. 780, 786-87 (Bankr. E.D.Pa.1987):
In the bankruptcy context, yet another layer of protection for tenants of federally-subsidized housing arises from 11 U.S.C. § 525(a)[.]
* * * * * *
This provision prevents a public housing authority from denying a future public housing tenancy to a debtor-tenant on the basis of a prior rent obligation which has been discharged in bankruptcy. (citations omitted) We believe that the strong public policy of 11 U.S.C. § 525 overrides the potential requirement of 11 U.S.C. § 365(b)(1) that a debtor assuming a lease must cure any pre-petition defaults or otherwise provide adequate protection to the landlord. (citations omitted)
Finally, another layer of protection to a public housing tenant arises from the pertinent federal Regulations. Not only a public housing authority, see 24 C.F.R. §§ 966.4(1)(1), (f), but also a private landlord renting a federally subsidized unit, (citations omitted), must establish `good cause' before the termination of a lease can occur. If the landlord's only basis for a claim of termination of a lease is that the Debtor owes pre-petition rent, this basis may not constitute the requisite `good cause,' especially in light of the `fresh start' principle of Local Loan Co. v. Hunt, 292 U.S. 234, 244-45, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).
Conclusion
For the foregoing reasons, the Orders of the Bankruptcy Court entered on April 7, 1992 in the Bernice Curry case and on April 29, 1992 in the Shirley Lee case are hereby REVERSED; provided, however, that each Appellant shall continue to pay as a bond and in lieu of rent, the equivalent of the monthly rental payments charged to each, so that the public housing authority will have a reasonable basis to expect that the Appellants will continue to make their rental payments without additional problems. This provision shall continue in effect for twelve months, commencing on January 1, 1993, and shall terminate at the end of that time if the landlord-tenant relationship has not been otherwise violated. Any violation of this provision may authorize the public housing authority to return to this Court for further relief in addition to any other remedies in any other court. The court below is directed to grant the Debtors' motions to retain possession of their public housing units, and to deny Metropolitan Dade County's motions for relief from stay.
DONE AND ORDERED.
NOTES
[1] § 525. Protection against discriminatory treatment

(a) Except as provided in the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a-499s), the Packers and Stockyards Act, 1921 (7 U.S.C. 181-229), and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943 (57 Stat. 422; 7 U.S.C. 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.
[2] § 362. Automatic stay

* * * * * *
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay 
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if 
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
[3] § 365. Executory contracts and unexpired leases

* * * * * *
(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee 
(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;