**In re Delmar T. RANSOM and Barbara K. Ransom, f/d/b/a DTR Grocery, Inc., a Corporation, f/d/b/a Joe's Supermarket, Debtors.**

**ASSOCIATED GROCERS' COMPANY OF ST. LOUIS, MISSOURI, a Corporation, Plaintiff,**

v.

**Delmar T. RANSOM and Barbara K. Ransom, f/d/b/a DTR Grocery, Inc., a Corporation, f/d/b/a Joe's Supermarket, Defendants.**

Adv. No. 82–0612–BKC–JJB.
Bankruptcy No. 82–01241–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

July 14, 1987.

James D. Eckhoff, Clayton, Mo., for plaintiff.

Robert S. Moss, Clayton, Mo., for debtors/defendants.

### MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the Plaintiff's Amended Complaint to deny the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(1), (2), (3), (4) and (5). After a full hearing upon the issues, the parties filed Memoranda of Law and submitted the matter to the Court. This Memorandum Opinion is being entered after consideration of the record as a whole.

The evidence has established that Delmar T. Ransom and Barbara K. Ransom, the Defendants/Debtors, operated a small independent grocery store known as Joe's Supermarket. Defendants were members of Associated Grocers, a grocer's cooperative and the Plaintiff herein. Plaintiff sold and delivered to Defendants at their place of business certain goods and merchandise worth $62,812.28. During the summer and into the fall of 1981, Defendants' business was failing and they did not pay Plaintiff for the merchandise. Plaintiff sought and obtained a prejudgment writ of attachment attaching the inventory and property of Joe's Supermarket. The Sheriff took possession of the premises and the contents of the store on October 22, 1981, thus, effectively closing the business. The assets of the business were later sold at public auction.

### I.

Count II of Plaintiff's complaint alleges that Debtors are not individuals but a partnership f/d/b/a Joe's Supermarket and that they are seeking to discharge partnership debts not dischargeable in a Chapter 7 proceeding. In Missouri, however, part-

ners are jointly and severally liable for partnership debts. The partnership creditor must satisfy his claim from partnership assets before gaining access to assets of the individual partners. *In re Norman*, 32 B.R. 562 (Bankr.W.D.Mo.1983). The assets of the partnership having been liquidated, the remaining debt falls on the partners. These debts may be discharged under § 727(a)(1). Therefore, Count II of Plaintiff's complaint is denied.

## II.

Plaintiff further alleges that Defendants have failed to satisfactorily explain and account for the loss of $35,000.00.

Section 727(a)(5) of the Code states that: (a) The court shall grant the debtor a discharge unless—

> (5) the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities.

 The party objecting to the discharge has the burden of proving that a loss of assets actually occurred. The burden then shifts to the defendant to satisfactorily explain and account for the assets shown by plaintiff to be unaccounted for. *In re Chalik*, 748 F.2d 616 (11th Cir.1984). Vague and indefinite explanations of losses are unsatisfactory. *Id.* at 619.

From the evidence presented at trial, the Court finds Plaintiff met its burden of proving missing assets. The Court finds that assets worth at least $10,000.00 disappeared without adequate explanation.

Mrs. Ransom's testimony was to the effect that during the last month of business the store averaged between $2,000.00 to $2,500.00 per day in cash receipts (excluding all exchange checks). She further testified that she did not make any deposits of cash receipts during the last five days of business. On cross-examination, she agreed with Plaintiff's attorney that there could have been as much as $10,000.00 in the store's safe before the Sheriff took possession of the premises. Mrs. Ransom's explanation for the location of the money was that it "had to be in the store"

when the Sheriff attached the assets. Sheriff Patton testified, however, that only $1,800.00 in cash and food stamps was accounted for.

The Court finds Defendants' explanation to be vague, indefinite and unsatisfactory and, therefore, the Debtors are not entitled to a discharge of their debts pursuant to 11 U.S.C. § 727(a)(5). The Court finds it unnecessary to address the issues raised in Plaintiff's complaint under sections 727(a)(2), (3) and (4).

A separate Order shall be entered this date, consistent with the views expressed in this Memorandum Opinion.