PER CURIAM:
 

 Seymour J. Chalik appeals the district court’s denial of his discharge for bankruptcy. 11 U.S.C. §§ 727(a)(4)(A) and (a)(5) (1982).
 
 [1]
 
 When Chalik filed his voluntary bankruptcy petition, he omitted all reference to twelve corporations in which he had been an officer, director, or major stockholder during the six years preceding bankruptcy. Chalik claims the omission was not material and should not block his discharge because there was no indication that the concealed information would have or could have revealed assets available for creditors. We affirm the district court’s holding that this fact did not prevent Chalik’s concealment of information from barring his discharge in bankruptcy. Additionally, we affirm the district court’s denial of discharge for Chalik’s failure to explain satisfactorily the dissipation of assets within a year prior to the filing of his bankruptcy petition.
 

 Chalik filed his bankruptcy petition on May 14, 1982, omitting from his schedules certain corporations with which he was associated or in which he held stock. During his Rule 205 examination on October 26, 1982, Chalik revealed information concerning these securities and the various corporations. The bankruptcy court
 
 [2]
 
 held Cha-
 
 *618
 
 lik’s failure to list the securities on his bankruptcy schedules constituted a false oath knowingly and fraudulently made and barred a discharge. The court noted, however, that “there is no present indication that the concealed information would have or could have revealed assets available for creditors [but] that circumstance does not excuse the concealment of information, which is necessary to the investigation of a debtor’s financial condition. 4
 
 Collier on Bankruptcy
 
 ¶ 727.04 (15th ed. 1984);
 
 In re Mascolo, 505 F.2d
 
 274, 277-78 (1st Cir.1974);
 
 In re Robinson,
 
 506 F.2d 1184, 1188 (2d Cir.1974).”
 

 This court has not addressed the precise question of whether a false oath regarding worthless assets constitutes a material omission and precludes discharge. The First and Second Circuits have decided the issue against the bankrupt.
 
 In re Robinson,
 
 506 F.2d 1184, 1188 (2d Cir.1974), holds that “[e]ven though truthful responses
 
 to the
 
 questions propounded by the bank’s counsel would not have increased the value of the bankrupt’s estate, they were certainly material to discovering what, if any, assets Robinson may have had.”
 
 In re Mascolo,
 
 505 F.2d 274, 277-78 (1st Cir.1974), holds that “[mjatters are material if pertinent to the discovery of assets, including the history of a bankrupt’s financial transactions.... Therefore, knowing and fraudulent omission of a bank account, whether or not it is closed at the time of filing, warrants the denial of discharge.”
 
 See also Morris Plan Industrial Bank v. Finn,
 
 149 F.2d 591, 592 (2d Cir.1945).
 

 We glean further support from decisions of several circuits holding that detriment to the creditor need not be shown in order to bar discharge for making a false oath.
 
 [3]
 

 Farmers Co-Operative Association v. Strunk,
 
 671 F.2d 391, 396 (10th Cir.1982);
 
 United States v. O’Donnell,
 
 539 F.2d 1233, 1237-38 (9th Cir.),
 
 cert. denied,
 
 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976);
 
 Willoughby v. Jamison,
 
 103 F.2d 821, 824 (8th Cir.),
 
 cert. denied,
 
 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492 (1939). The subject matter of a false oath is “material,” and thus sufficient to bar discharge, if it bears a relationship to the bankrupt’s business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.
 
 In re Steiker,
 
 380 F.2d 765, 768 (3d Cir.1967).
 
 See also Metheany v. United States,
 
 365 F.2d 90, 93 (9th Cir.1966) (“material matter” refers not only to the main fact which is subject to inquiry, but also to any fact or circumstance which tends to corroborate the proof adduced to establish the main fact). The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious.
 
 Diorio v. Kreisler-Borg Construction Co.,
 
 407 F.2d 1330, 1330 (2d Cir.1969). It makes no difference that he does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them.
 
 Morris Plan Industrial Bank v. Finn,
 
 149 F.2d 591, 592 (2d Cir.1945).
 
 See Duggins v. Heffron,
 
 128 F.2d 546, 549 (9th Cir.1942). The veracity of the bankrupt’s statements is essential to the successful administration of the Bankruptcy Act.
 
 Diorio,
 
 407 F.2d at 1331.
 

 This circuit has also said that a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) should not be granted where the debtor knowingly and fraudulently made a false oath or account in connection with the bankruptcy proceeding.
 
 In re Raiford,
 
 695 F.2d 521, 522 (11th Cir.1983). Deliberate omissions by the debtor may also result in the denial of a discharge.
 
 Id.
 

 In this action, Chalik had business dealings with twelve Florida corporations in which he was the sole or controlling
 
 *619
 
 stockholder. At least five of the twelve corporations that were omitted from his bankruptcy petition had combined total assets in excess of $2.1 million and monthly income in excess of $250,000 as recently as March 1980. Chalik’s attorney testified that immediately after the filing of the petition, he delivered a copy to Chalik and reviewed the entire petition with Chalik. Chalik’s Rule 205 deposition showed that his involvement in the corporations was disclosed only when specific questions were asked by the trustee. We hold that this evidence was such that the bankruptcy court could reasonably infer that Chalik omitted information necessary to determining his financial condition, whether or not the securities were valueless at the time.
 

 As to the second basis for barring discharge in this case, Chalik argues that the district and bankruptcy courts erred in their application of section 727(a)(5) in two respects. First,. Chalik contends the district court misplaced the burden of proof on the debtor when holding that he failed to explain satisfactorily the dissipation of a $130,000 loan he received eleven months before he filed his voluntary petition. Second, he contends that the evidence showed that the loan in question totaled $70,000 rather than the $130,000 found by the court. We disagree with Chalik’s assertions.
 

 The bankruptcy court found
 

 that the debtor received a loan of $130,-000 in June 1981. He filed a voluntary Chapter 7 bankruptcy eleven months later on May 14, 1982. At that time, he reported debts owed some thirty creditors, totaling nearly $1 million and total assets of but $1,350. He has been unwilling or unable to give any satisfactory explanation of how he lost the $130,-000.... He has provided no details, no documentation, and I do not believe his testimony.
 

 At trial, the party objecting to a discharge has the burden of proving the objection. Bankruptcy Rule 4005 (1983). But once that party meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to explain satisfactorily the loss. 4
 
 Collier on Bankruptcy
 
 If 727.08 (15th ed. 1984). “The creditor’s burden of persuasion does not obviate the necessity that the debtor provide a satisfactory explanation of the loss of his assets.”
 
 In re Reed,
 
 700 F.2d 986, 992-93 (5th Cir.1983). To be satisfactory, “an explanation” must convince the judge.
 
 In re Shapiro & Ornish,
 
 37 F.2d 403, 406 (N.D.Tex.1929),
 
 aff'd,
 
 37 F.2d 407 (5th Cir.1930).
 
 [4]
 
 Vague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory.
 
 In re Reed,
 
 700 F.2d at 993 (debtor’s explanation that $19,-586 was consumed by business and household expenses and gambling debts was unsatisfactory);
 
 Baum v. Earl Millikin, Inc.,
 
 359 F.2d 811, 814 (7th Cir.1966) (satisfactory explanation must consist of more than a vague, indefinite and uncorroborated hodgepodge of financial transactions).
 
 See
 
 4
 
 Collier on Bankruptcy,
 
 ¶ 727.08 (15th ed. 1984).
 

 The question of whether a debt- or satisfactorily explains a loss of assets is a question of fact.
 
 Shapiro & Ornish v. Holliday,
 
 37 F.2d 407, 407 (5th Cir.1930). We must accept the factual findings of the bankruptcy court unless they are clearly erroneous, particularly when the findings are affirmed by the district court.
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 56 n. 5, 102 S.Ct. 2858, 2863 n. 5, 73 L.Ed.2d 598 (1982);
 
 In re Greenbrook Carpet Co., Inc.,
 
 722 F.2d 659, 660-61 (11th Cir.1984);
 
 In re Garfinkle,
 
 672 F.2d 1340, 1344 (11th Cir.1984);
 
 Bankruptcy Rule
 
 8013 (1983). We adhere to this high standard because the trial judge is best able to assess the credibility of the witnesses before him and thus the evidentiary content of their testimony.
 
 *620
 

 In re Martin,
 
 698 F.2d 888, 885 (7th Cir.1983).
 

 The bankruptcy court was fully justified in its findings of fact based upon the evidence before it. First, the court heard testimony from Mrs. Catherine Fortunato, a creditor of Chalik's, who said she had loaned Chalik $130,000 in June 1981. She presented the court with a $130,000 promissory note executed by Chalik. Chalik said the note refers to $70,000 he received from Mrs. Fortunato within the year prior to bankruptcy, plus money he had previously received from Mrs. Fortunato and her husband. Chalik offered no documentation to corroborate his testimony. As to the disposition of the money, Chalik testified he invested $50,000 to $60,000 of the money in two now-defunct corporations with which he was involved and spent the remaining $10,000 to $20,000 on living expenses. Again, Chalik piesented no documentation to support his testimony, saying, “I can’t find them really is where it is at.” The record clearly shows Chalik failed to explain satisfactorily the loan of $130,000 and the disposition of these funds.
 
 See
 
 11 U.S.C. § 727(a)(5) (1982).
 

 AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 727:
 

 (a) the court shall grant the debtor a discharge, unless ... (4) the debtor knowingly and fraudulently, in or in connection with the case ... (A) made a false oath or account; ... (or) (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debt- or’s liabilities....
 

 [2]
 

 . After reviewing the record of all proceedings in the bankruptcy court, the district court adopted the bankruptcy court’s judgment and memorandum decision in full, including its findings of fact and conclusions of law.
 

 [3]
 

 . A knowing and fraudulent omission from a sworn Statement of Affairs or schedule may constitute a false oath.
 
 Farmers Co-Operative Association v. Strunk,
 
 671 F.2d 391, 395 (10th Cir.1982).
 

 [4]
 

 . 11 U.S.C. § 727(a)(5) (1982) is substantially the same as section 14(c)(7) in the old Bankruptcy Act, making cases decided under the old act relevant.
 
 In re Martin,
 
 698 F.2d 883, 886 (7th Cir.1983); 4
 
 Collier on Bankruptcy
 
 ¶ 727.08 (15th ed. 1984).