**William S. SWICEGOOD, Plaintiff–Appellant,**

v.

**William T. GINN, Jr., Defendant–Appellee.**

No. 90–8314.

United States Court of Appeals, Eleventh Circuit.

Feb. 21, 1991.

Rehearing Denied April 3, 1991.

---

David W. Cranshaw and Andrea M. Madigan, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiff-appellant.

Michael Weinstock and John M. Bruce, Weinstock & Scava, Atlanta, Ga., for defendant-appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

Debtor Swicegood appeals the district court's denial of debt discharge in bank-

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

ruptcy under 11 U.S.C. § 727(a)(4)(A). He contends that the district court was clearly erroneous in finding that the omission of certain items from his bankruptcy schedule constituted an intentional false oath under § 727(a)(4)(A) and was related to a material matter. We affirm the district court's finding on both counts.

## I. FACTS

On November 13, 1987, Appellant William S. Swicegood ("Swicegood") filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. Swicegood's debts totalled $861,778.19. He owed $179,418.00 of this amount to Appellee William T. Ginn ("Ginn") for a default judgment on promissory notes. In his Statement of Financial Affairs and Schedule of Assets and Liabilities, Swicegood indicated that his assets totalled $12,700.00.

On February 12, 1988, Ginn filed a complaint in bankruptcy court objecting to the discharge of Swicegood's debts on several grounds not relevant to this appeal. Ginn amended his complaint to add a § 727(a)(4)(A) ground for objection after receiving information from Swicegood's ex-wife that Swicegood had omitted from his bankruptcy schedule a Rolex watch, a set of silver flatware, two shares of AT & T stock, golf clubs, and two demitasse sterling silver cups. Swicegood learned from his former wife that she had reviewed the bankruptcy schedules with opposing counsel and had informed opposing counsel that certain items were omitted. Swicegood subsequently amended his schedule on August 26, 1988, to include these items. In his amended bankruptcy schedule, Swicegood valued the watch at $1,000 and the silver at $400, using the highest purchase offer amounts of two different stores.[1]

The bankruptcy court found that Swicegood's initial omission of certain assets from his bankruptcy schedule constituted a false oath relating to a material matter, and the court denied discharge pursuant to

1. In addition, Swicegood exempted this additional property in his amended schedules.

§ 727(a)(4)(A).[2] The district court affirmed the bankruptcy court's decision, concluding that "the bankruptcy court's finding that appellant omitted certain items from his bankruptcy schedule with the intent to defraud his creditors was supported by the evidence and therefore not clearly erroneous." *Swicegood v. Ginn*, No. 1:89–cv–2704–GET at 4 (Feb. 27, 1990). The district court also held that Swicegood's omissions were "material and sufficient enough to support the denial of his discharge under § 727(a)(4)(A)." *Id.* at 5. Swicegood appeals the district court's decision regarding 11 U.S.C. § 727(a)(4)(A).

## II. DISCUSSION

 Section 727(a) of Title 11 provides certain exceptions to a debtor's discharge in bankruptcy. In particular, the court shall not grant a discharge where:

(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account; ....

To justify denial of discharge under § 727(a)(4)(A), the false oath must be fraudulent and material. *See Chalik v. Moorefield*, 748 F.2d 616 (11th Cir.1984).

### A. *Knowing and fraudulent intent.*

Swicegood argues that Ginn failed to prove knowing and fraudulent intent under § 727(a)(4)(A). The bankruptcy court found that Swicegood's omission of assets from his bankruptcy schedule was deliberate, relying on the following findings of fact: (1) he amended his schedules to include the omitted assets only when he became aware that his former wife had revealed the omissions to Ginn; (2) his amendment significantly undervalued those items; and (3) he wore the Rolex watch on his wrist. We are satisfied that this evidence is sufficient to support the bankruptcy court's finding of deliberate omission. "Deliberate omissions by the debtor may also result in the denial of a discharge" under § 727(a)(4)(A). *Chalik*, 748 F.2d at 618.

**2.** Even though Ginn did not object to Swicegood's claims of exemption with respect to the omitted assets, the bankruptcy court found that the omitted assets were not exemptible under

### B. *Materiality.*

Swicegood contends that the district court erred in finding that his omissions were material, preventing discharge in bankruptcy under § 727(a)(4)(A). Swicegood's total assets, excluding the omitted items, were valued at $12,700, and the debt that Swicegood was seeking to be discharged totalled $861,778.19. Swicegood valued the omitted items at $1,400, but the bankruptcy court found that this figure significantly undervalued the items. *See Ginn v. Swicegood*, No. 88–0057A at 7 (July 10, 1989).

The bankruptcy court concluded that the omitted assets were not of trivial value and were material. The district court was not clearly erroneous in holding that the value of the omitted assets was material. Therefore, the court correctly found that Swicegood's omission of these assets prevented discharge of his debt under § 727(a)(4)(A).

AFFIRMED.

O.C.G.A. 44–13–100. *Ginn v. Swicegood*, No. 88–0057A at 8 (July 10, 1989). We decline to address the issue of exemption because neither party raises this issue on appeal.