United States Court of Appeals,

Eleventh Circuit.

No. 94-2334

Non-Argument Calendar.

In re Phillip E. HAWLEY and Linda D. Hawley, Debtors.

Phillip E. HAWLEY, Plaintiff-Appellant,

v.

CEMENT INDUSTRIES, INC., Defendant-Appellee.

May 1, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-234-CIV-FTM-10), L. Clure Morton, Visiting Judge, (Bkcy. No. 90-9159-9P7), Alexander L. Paskay, Chief Judge.

Before ANDERSON and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Appellant appeals the district court's affirmance of the bankruptcy court's denial of his Chapter 7 bankruptcy discharge, following creditor's filing of an adversary proceeding under 11 U.S.C. § 727(a)(5). Because the bankruptcy court did not clearly err in denying Appellant's discharge, we affirm.

## I. BACKGROUND

In September 1990, Appellant Phillip E. Hawley ("Appellant") filed a Chapter 7 bankruptcy petition, claiming less than $20,000 in assets. In a signed statement dated June 15, 1989, Appellant listed his total assets at $13,822,477, total liabilities at $1,876,814, and total net worth at $11,945,663. Later in 1990, one of Appellant's creditors, Cement Industries, Inc., ("Appellee"), filed an adversary proceeding pursuant to 11 U.S.C. § 727(a)(5),

urging the court to deny Appellant's discharge based on his failure to satisfactorily explain the loss of his assets between the filings of his financial statement and his bankruptcy petition.

Section 727(a)(5) of the Bankruptcy Code provides as follows:

§ 727. Discharge

(a) the court shall grant the debtor a discharge, unless—

....

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a)(5) (1993).

At the evidentiary hearing on the matter, Appellant testified that he had previously worked as a mortgage broker, had operated a credit bureau, and had filed between 100 and 150 financial statements during his lifetime. Appellant further testified that in 1987 and 1988 he was involved in a beachfront condominium project known as Bac-Bay Condominiums. Appellant explained that in 1989 he had liquidated many of his assets to service the mortgages in the Bac-Bay project, even though the Bac-Bay mortgage was in foreclosure as of October 1988 and construction of the project had stopped in August 1988. Appellant further stated that he had sold most of his assets for cash and that he had not kept records of the cash sales. Appellant also testified that not all of the values provided in his financial statements were correct.

Appellant explained that he had been arrested on criminal charges in 1989 and that most of his financial records had been seized by the Florida Attorney General's Office at that time. Appellant admitted, however, that a state court had ordered that he

be given access to most of those records. Neither Appellant nor his attorney offered a legitimate explanation for their failure to procure relevant documentation from the Attorney General's Office.

The bankruptcy court denied Appellant's discharge, observing that the Appellant, a "sophisticated and experienced businessman," had been unable to present documentation to explain the discrepancy between the value of his assets as listed in 1989 and the value he had listed in his bankruptcy petition in 1990. The court found a "complete lack of documentation to support the Debtor's loss of assets" and determined that "when examining the totality of the circumstances, this Court finds a pattern which leads this Court to conclude that the Debtor has not satisfactorily explained the loss or diminution of his assets."

The Appellant appealed to the district court. The district court affirmed and adopted the opinion of the bankruptcy court "as fully as if copied verbatim." The district court dismissed the appeal and Appellant then appealed to this Court, *pro se.*

## II. STANDARD OF REVIEW

A bankruptcy court's resolution of whether a debtor has satisfactorily explained the loss of assets is a finding of fact. *In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984) (citing *Shapiro & Ornish v. Holliday,* 37 F.2d 407, 407 (5th Cir.1930)). "We must accept the factual findings of the bankruptcy court unless they are clearly erroneous, particularly when the findings are affirmed by the district court." *Chalik,* 748 F.2d at 619 (citations omitted). This standard is adhered to because the trial judge is best able to assess the credibility and evidentiary content of the testimony of

the witnesses before him.  *Id.*

                        III. DISCUSSION

        In essence, Appellant brings two issues before this Court.[1]
First, Appellant contends that Appellee's failure to question him
about his loss of assets before filing its adversary proceeding
barred it from contending his discharge in such a manner.  We find
the two cases Appellant cites in support of this contention neither
controlling nor persuasive.  We find instead that 11 U.S.C. §
727(a)(5) does not explicitly require a creditor to call upon a
debtor to explain a loss of assets *prior* to filing an adversary
proceeding.  A denial of discharge under § 727(a)(5) requires only
that the debtor fail to explain a loss of assets "before
determination of denial of discharge under this paragraph."  To
require a creditor to seek an explanation from the debtor prior to
filing an adversary hearing would add an additional and redundant
layer of inquiry to § 727(a)(5).  Appellant had ample opportunity
at hearing to present evidence to explain his loss of assets and he
was unable to satisfactorily do so.

        Second, Appellant argues that Appellee failed to carry its
burden in showing that Appellant's explanations for the loss of his
assets were unsatisfactory.  In its § 727(a)(5) action, Appellee
had the initial burden of proving its objection to Appellant's
discharge.  *Chalik,* 748 F.2d at 619.  Appellee sustained this
burden by showing the vast discrepancies between Appellant's 1989

---

[1]Appellant also asserts that the loss of assets must occur
within a year's time in order to deny a discharge under 11 U.S.C.
§ 727(a)(5).  At the outset, we find that neither § 727(a)(5) nor
*In re Chalik,* 748 F.2d 616 (11th Cir.1984) support such a
contention.

financial statement and his 1990 Chapter 7 schedules. Once the party objecting to the discharge establishes the basis for its objection, the burden then shifts to the debtor "to explain satisfactorily the loss." *Id.* (citations omitted). "To be satisfactory, "an explanation' must convince the judge." *Id.* (citing *In re Shapiro & Ornish,* 37 F.2d 403, 406 (N.D.Tex.1929), *aff'd,* 37 F.2d 407 (5th Cir.1930)). "Vague and indefinite explanations of losses that are based on estimates uncorroborated by documentation are unsatisfactory." *Chalik,* 748 F.2d at 619 (citations omitted). Obviously, Appellant's explanations did not "convince the judge." *Id.* The bankruptcy judge clearly found Appellant's testimony and complete lack of documentation unconvincing. Upon review of the record, we find that the bankruptcy judge did not clearly err in finding that Appellant's explanation of his loss of more than $13 million in assets over the course of fifteen months was too vague and indefinite to be "satisfactory." Therefore, the judgment of the district court is AFFIRMED.

AFFIRMED.