**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

IN RE:  MICHAEL EDMOND
NOSEKABEL and CARLA KAY
NOSEKABEL, dba Nosekabel Oil
Company,
      Debtors,

------------------------------

PLAINS STATE BANK,
      Appellant,

v.

MICHAEL NOSEKABEL and CARLA
K. NOSEKABEL, dba Nosekabel Oil
Company,
      Appellees,

------------------------------

WILLIAM B. SORENSEN, JR.,
      Trustee.

No. 95-3398
(D.C. No. 94-CV-1080)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Plains State Bank appeals the judgment of the magistrate judge[1] denying its claims that the debt owed to the Bank by Michael and Carla Nosekabel should be excepted from discharge in bankruptcy under 11 U.S.C. § 523(a)(6), and that the Nosekabels should be denied a discharge in bankruptcy under 11 U.S.C. § 727(a)(2) and (5). The Bank contends (1) the Nosekabels' actions were malicious and their debt must therefore be excepted from discharge under 11 U.S.C. § 523(a)(6); (2) the Nosekabels should have been denied a discharge under 11 U.S.C. § 727(a)(2) because the evidence established they transferred secured property with the intent to hinder, delay, or defraud the Bank; and (3) the Nosekabels should have been denied a discharge under 11 U.S.C. § 727(a)(5) because they gave an unsatisfactory explanation for the loss of their assets. We affirm for substantially the reasons stated by the magistrate judge.

The magistrate's conclusions of law are subject to de novo review. We review the magistrate's findings of fact only for clear error. See In re Pasek, 983 F.2d 1524, 1527 (10th Cir. 1993). The ultimate finding of whether the debtors acted willfully and maliciously under 11 U.S.C. § 523(a)(6) is reviewed only for clear error. Id. at 1528. The magistrate's ultimate findings regarding fraudulent intent under 11 U.S.C. § 727(a)(2) and whether the debtors' explanation of the loss of their assets was unsatisfactory under § 727(a)(5) are also reviewed only for clear error. See In re Carey, 938 F.2d 1073, 1077 (10th Cir. 1991); In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984); In re Dwight, 1992 WL 105967, *2 (W.D. Okla. 1992). Our review of the findings of fact is further limited

---

[1] The district court withdrew reference of this case to the bankruptcy court after the Nosekabels requested a jury trial on a counterclaim. With the consent of the parties, the district court assigned the case to the magistrate judge for final determination under 28 U.S.C. § 636(c)(1).

by the absence of the trial transcript from the record on appeal.  <u>See</u> <u>In re Grey</u>, 902 F.2d 1479, 1482 (10th Cir. 1990).

We have reviewed the briefs and the record and are satisfied that the magistrate's findings of fact are not clearly erroneous and that the law was correctly applied.  We AFFIRM for substantially the reasons stated by the magistrate judge in the orders of September 29 and November 3, 1995.

Entered for the Court

Mary Beck Briscoe
Circuit Judge