**In re Albert L. PREVATT, Debtor.**

**Law Offices of Dominic J. Salfi, P.A., Plaintiff,**

**v.**

**Albert L. Prevatt, Defendant.**

**Bankruptcy No. 99–03129–3F7. Adversary No. 99–219.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 13, 2000.

---

Ann W. Rogers, Ormond Beach, FL, for Debtor.

Charles W. Grant, Jacksonville, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Amended Complaint Objecting to Dis-

charge of Debtor filed by the Law Offices of Dominic J. Salfi, P.A. ("Plaintiff") on 8 November 1999 (Doc. 14). The Court also granted Plaintiff leave on 27 June 2000 to file additional grounds in objection to discharge in an Amendment to the Amended Complaint (Doc. 47A). Upon review of the evidence adduced at trial on 12 July 2000 and 9 August 2000 and upon review of the submissions of parties, the Court finds that Plaintiff's Objection to Discharge of Debtor is upheld and that Plaintiff is therefore not entitled to discharge. The Court incorporates by reference its findings on the record from the trial on 9 August. However, these Findings of Fact and Conclusions of Law shall be controlling over the in-court comments of the court wherever the two are inconsistent.

### FINDINGS OF FACT

On March 21, 1999, Plaintiff caused the County Court of Seminole County, Florida, to enter a final judgment against Defendant in the amount of $11,974.14.

On April 29, 1999, Defendant voluntarily filed a Chapter 7 petition in the court. Defendant listed Plaintiff as his sole unsecured creditor. Defendant, a sophisticated debtor with a penchant for paying his bills not often found in the bankruptcy courts, filed bankruptcy solely to discharge Plaintiff's claim. Defendant reaffirmed or exempted the remainder of his debts and continued to satisfy his other obligations.

According to the uncontroverted expert testimony of Plaintiff's Certified Fraud Investigator at trial, Defendant' schedules contained several omissions which indicated an intent to mislead Plaintiff and Trustee as to Defendant's true financial condition.

Debtor failed to disclose the existence and amount of some voluntary deferred compensation funds, which were fueled by the withholding of some $8,000 per year from Defendant's salary in 1998 and 1999. Defendant testified that he did not list these funds because he believed them to be exempt under Florida law.

Defendant failed to disclose the equipment, crops or supplies necessary to operate the fernery Defendant ran on his property. Defendant testified that he did not list these assets because he believed that they were of no value.

Defendant failed to disclose assets in his possession which were purportedly property of his wife or assets in his wife's possession which were purportedly his own. Defendant's wife held a certificate of deposit in trust for Defendant. Defendant testified that he conducted his affairs out of a bank account solely in his wife's name. Defendant testified that he closed his personal bank account shortly before voluntarily filing his petition, but did not explain why.

Defendant paid down some $31,000 on his homestead mortgage in 1997, 1998, and 1999. More than half of that cash-to-exempt conversion occurred in 1999, the year before Defendant voluntarily filed his petition. Defendant did not explain how a bankruptcy debtor managed to pay down such a large amount in the year before filing. Defendant did not explain why he chose to pay $31,000 down on his mortgage instead of paying $11,974.14 to Plaintiff.

Defendant failed to disclose overtime pay that nearly doubled his monthly income. According to Defendant's 1998 and 1999 tax returns, this overtime amounted to approximately $19,000 per year on top of a base salary of $36,000 per year. Defendant testified that he did not report this income because it "varied."

Defendant failed to comply with the Court's Order on Plaintiff's Motion to Extend Discovery dated June 15, 2000 (Doc. 46). This Order required that Defendant

respond to interrogatories and requests to produce. Defendant did not offer an explanation for noncompliance.

## CONCLUSIONS OF LAW

■ The Court frames the inquiry at hand as one of burdens. The Code in § 727(a) establishes several bases upon which a Chapter 7 debtor may be denied discharge entirely despite the fact that the particular debts owed are themselves not the product of fraud or of a type excepted from discharge under § 523. The burden is on the party objecting to discharge to bring forward credible evidence establishing that a debtor may be denied discharge by the court based on § 727(a). The burden then shifts to the debtor. The debtor must bring forward enough credible evidence to dissuade the court from exercising its discretion to deny the debtor discharge based on the evidence presented by the objecting party.

■ The Court recognizes that the courts have created unique evidentiary burdens and balances for each of the five § 727(a) bases cited by the Plaintiff. The Court chooses to briefly analyze the evidence presented in the instant case in light of these unique tests. However, the court refrains from basing its holding denying discharge on any one of those bases. Rather, the Court chooses to find that it has discretion to deny discharge on any of those bases, but the court is convinced to exercise that discretion based on the totality of the circumstances, the gestalt provided by a holistic reading of the Findings of Fact noted above.

## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

Plaintiff contends that Defendant violate § 727(a)(3) by failing to keep records related to defendant's financial condition, notably Defendant's significant overtime pay, deferred compensation, fernery assets, and assets held in Defendant's wife's name from which Defendant benefited. Section 727(a)(3) provides in relevant part:

> (a) The court shall grant the debtor a discharge, unless—
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information...from which debtor's financial condition or business transactions might be ascertained...

11 U.S.C. § 727(a)(3) (West 2000).

■ Under § 727(a)(3) a plaintiff must show that the debtor not only failed to keep records, but that debtor failed to keep records for a purpose—namely, to avoid having to surrender such records for discovery to a suspicious trustee or creditor. *See Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 619 (11th Cir.1984). The *Chalik* court framed the issue as an evidentiary dispute. If the party objecting to discharge can bring forward credible evidence showing that a debtor failed to keep records because debtor feared that trustee would discover some actionable hanky-panky, then the burden shifts to the debtor to explain the absence of records. *See Id.* The *Chalik* court declared that the debtor's explanation "must consist of more than a vague, indefinite and uncorroborated hodgepodge of financial transactions." *See Id.*

■ If a party objecting to discharge under § 727(a)(3) must prove that an actual violation of § 727(a)(3) occurred—that a debtor did not maintain records and that debtor did not maintain records in order to hinder the trustee or creditors—then no discharge would ever be denied under § 727(a)(3). The plaintiff in *Chalik* did not carry that burden, and the Plaintiff in the instant case certainly did not. However, the *Chalik* court established a different

sort of test than the one most directly derived from the wording of § 727(a)(3). The *Chalik* court established a test wherein a debtor is denied discharge if debtor failed to keep enough records to corroborate debtor's explanation for conduct from which the objecting party has created an inference of fraudulent intent through evidence of its own. *See Id.* This Court adopted this test for § 727(a)(3) violations in *Grant v. Simmons (In re Simmons)*, 113 B.R. 741 (Bankr.M.D.Fla.1990).

In the instant case, the Plaintiff brought forward sufficient evidence, in the form of Plaintiff's highly qualified and credible Certified Fraud Investigator, to create the inference that Defendant had acted with the actual intent to hinder the Trustee's and Plaintiff's investigation into Defendant's finances. Under the *Chalik* and *Grant* standard, that evidence shifted the burden to the Defendant to produce a satisfactory, innocent explanation and some corroborative records to back the explanation up. Because the Defendant failed to bring forward any records to support his specious explanations, the Court is empowered to find that such records were never kept. The Court is further entitled to conclude that such records were never kept because Defendant did not want the Trustee or Plaintiff to discover their contents, or that such records were not kept because the Defendant's explanation is completely fictional.

Therefore, the Court finds that it has the discretion to deny Defendant's discharge based on Defendant's violation of § 727(a)(3).

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)

Plaintiff contends that Defendant violated § 727(a)(4)(A) by knowingly and fraudulently making a false oath or account in connection with the bankruptcy proceeding, notably by failing to reveal certain information on his schedules. Section 727(a)(4)(A) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account...

11 U.S.C. § 727(a)(4)(A) (West 2000).

Knowing failure to disclose information on schedules violates § 727(a)(4)(A) and empowers the court to deny discharge under that section. *See Chalik*, 748 F.2d at 618. The issue is whether or not the evidence brought forward by the party objecting to discharge was sufficient to give rise to a reasonable inference that the debtor failed to disclose information with the intent to hinder the investigation of the trustee and creditors. *See Id.* at 619. The debtor must then overcome this inference with credible evidence. *See Id.* Nor is it relevant that the assets not disclosed were worthless, or that a debtor lacked the specific intent to harm creditors. *See Id.* at 618. Additionally, a debtor's intent to hinder the trustee and creditors may be inferred solely from a debtor's false and misleading testimony which effectively obscures the assets of the estate. *See Grant*, 113 B.R. at 745.

The Plaintiff in the instant case presented sufficient evidence, in the form of the virtually uncontroverted testimony of the Special Fraud Investigator, that Defendant omitted several items on his schedules for the sole purpose of obscuring the assets of the estate. The Court finds it reasonable to infer from this testimony that Defendant knowingly and fraudulently made a false oath upon signing these incomplete schedules. The Court finds that Defendant's elusive and misleading testimony not only did not effectively topple

this inference. Defendant's testimony reinforced the Court's conclusion that this sophisticated Defendant was trying to pull a fast one. It is irrelevant that Defendant may have innocently omitted certain property he thought to be exempt or of no value. The Trustee and Plaintiff must be given the opportunity to investigate any claims of exemption or abandonment.

Therefore, the Court finds that it has the discretion to deny Defendant's discharge under § 727(a)(4)(A).

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

Plaintiff contends that Defendant violated § 727(a)(5) by failing to adequately explain Defendant's inability to pay Plaintiff. Section 727(a)(5) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(5) the debtor has failed to explain satisfactorily...any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5) (West 2000).

The initial burden in these situations is on the objecting party to show why a debtor should be forced to explain any loss of assets in the first place. *See Chalik*, 748 F.2d at 619. In essence the objecting party must bring forth enough evidence to show that something stinks. *See Id.* The debtor must then bring forward credible, corroborated evidence that a lawful, proper explanation for his bad fortune exists. *See Id.* The *Grant* Court stated that "[t]his accounting requires more than undocumented, unsupported vague generalities...[a]n explanation must convince the court of the debtor's good faith and businesslike conduct." *See Grant*, 113 B.R. at 744.

Once again, the issue comes down to the uncontroverted testimony of Plaintiff's expert against the slippery non-answers of the defendant. The Plaintiff in the instant case put forward sufficient evidence to allow the Court to infer that the Plaintiff's supposed insolvency was fishy. Defendant sought to discharge only one debt, Plaintiff's claim, totaling just under $12,000. The Special Fraud Investigator testified that Defendant had more than enough assets to pay this claim. Defendant offered nothing credible in response. Defendant's "explanation" consisted of legal conclusions Defendant is not qualified to make, claims of a fuzzy memory, and attacks upon the incompetence of Defendant's wife's, accountant's, and lawyer's administration of his affairs. Defendant earns more than $50,000 per year. Defendant owns his home and has paid down more than $30,000 on the mortgage in the last three years. Defendant is fiscally sophisticated, with an apparently sound laymen's understanding of trusts and, judging by his testimony, of the law of evidence. The Court does not find palatable Defendant's assertions that Defendant was in the dark about his affairs.

Therefore, the Court finds that it has discretion to deny Defendant's discharge under § 727(a)(5).

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(6)(A)

Plaintiff contends that Defendant violated § 727(a)(6)(A) and § 727(a)(4)(D) by failing to comply with the Court's Order on Plaintiff's Motion to Extend Discovery of June 15, 2000. Section 727(a)(6)(A) provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court...

11 U.S.C. § 727(a)(6)(A) (West 2000).

Failure to timely produce discovery in an orderly, coherent fashion vio-

lates § 727(a)(6)(A) and may result in the denial of a debtor's discharge. *See Concannon v. Costantini (In re Costantini)*, 201 B.R. 312, 314 (Bankr.M.D.Fla.1996). To bar discharge, such failure to produce must be willful and not merely inadvertent. *See Id.* at 315. The documents must be necessary for the trustee and creditors to understand the debtor's affairs. *See Id.*

 The Court finds that Defendant willfully failed to produce certain documents and thus Defendant's noncompliance with the Order of June 15. The unshaken testimony of the Certified Fraud Investigator gave rise to an inference that Defendant acted in every facet of this Proceeding with the intent to thwart a thorough investigation of his affairs by the Trustee and Plaintiff. Defendant's obtuse testimony reinforces the court's finding that Defendant's Chapter 7 filing was essentially a substantial abuse of the bankruptcy system, in that Defendant had ample assets with which to pay Plaintiff, his sole creditor. The Court does not so hold, of course, because Plaintiff does not have standing to raise a 707(b) substantial abuse objection. However, the Court finds that Defendant's acts were intended to prevent the Trustee from making a sufficient investigation of the Defendant's assets so as to enable the Trustee to file a 707(b) motion. The Court will not allow this Defendant to substantially abuse the system by blindfolding the Trustee.

Therefore, the Court finds that it has discretion to deny Defendant's discharge under § 727(a)(6)(A).

### CONCLUSION

The Court does not deny Defendant's discharge based on any one of the above provisions, although the Court finds that it may do so. Rather, the Court denies Defendant's discharge based on the totality of Defendant's omissions. The Court denies

Defendant's discharge because the evidence showed that Defendant at every turn meant to prevent the Trustee and Plaintiff from constructing a complete picture of Defendant's finances. Such a picture might have revealed that Defendant was otherwise barred from discharge, or that Defendant's filing was a substantial abuse under § 707(b).