[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2008
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 08-10230
Non-Argument Calendar

-------------------------------------------

D.C. Docket  Nos. 07-00399-CV-VEH & 05-04637-BK-TBB

In Re:        HUNJAN MOULDED PRODUCTS (ALABAMA) LTD., INC.,

Debtor,

_____

EN-PLAS, INC.,

Plaintiff-Appellant,

versus

HUNJAN MOULDED PRODUCTS (ALABAMA), LTD.,
AMSOUTH BANK (Regions),

Defendants-Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

----------------------------------------------------------------

**(September 12, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

En-Plas, Inc. appeals the district court's affirmance of the bankruptcy court's decision in favor of Hunjan Moulded Products Ltd., Inc. ("Hunjan") on En-Plas's counterclaim and in favor of Regions Bank ("Regions")[1] on its cross-claim against En-Plas. No reversible error has been shown; we affirm.

Hunjan filed for Chapter 11 bankruptcy.[2] The bankruptcy court approved the sale of most of Hunjan's assets, including certain plastic injection molding machines and related equipment (the "subject equipment"). En-Plas, the supplier of the subject equipment, had objected to its sale, asserting that En-Plas never had sold the equipment to Hunjan and that En-Plas still owned it.

After the court approved the sale, Hunjan initiated an adversary proceeding to determine the nature, extent, validity and priority of interests of claimants to the sale proceeds. En-Plas filed a proof of claim on the subject equipment and also counterclaimed, asserting its right to the sale proceeds of the equipment because the transactions between it and Hunjan constituted bailments, not sales. Regions, Hunjan's main pre-petition secured lender, also filed a proof of claim and cross-claimed against En-Plas, contending that En-Plas sold the equipment to Hunjan,

---

[1]Regions is the successor by merger to the interests of AmSouth Bank, the party in the bankruptcy court proceeding.

[2]Hunjan, a Delaware corporation with a manufacturing facility in Alabama, produced plastic injection molded parts chiefly for the automotive industry. Hunjan is one of several subsidiaries owned by Hunjan International.

that En-Plas's security interest was not perfected and, therefore, that Regions had the superior claim to the proceeds.

At a bench trial, En-Plas employees and former Hunjan employees testified that the true understanding of the transactions between the companies was that of a bailment, not a sale. The bankruptcy court concluded that, based on the quotations and purchase orders exchanged between En-Plas and Hunjan, a valid sales contract existed between the two. Because the testimony about a prior bailment agreement contradicted the agreed-upon terms in the writings, the bankruptcy court determined that the parol evidence rule barred its use in construing the contract. The bankruptcy court did use the parol evidence rule to allow evidence of a condition subsequent because the condition did not contradict the terms of the writings. The bankruptcy court did not find credible the testimony that the transactions were bailments. The bankruptcy court decided against En-Plas on its counterclaim and in favor of Regions on its cross-claim. En-Plas appealed to the district court; and the district court affirmed.

On appeal, En-Plas contends that the arrangement between it and Hunjan constituted a bailment, not a sale; so Regions' security interest did not cover the subject equipment. En-Plas also argues that the bankruptcy court erred in applying the parol evidence rule because the documents exchanged between the

3

parties were not intended to be a final expression of their agreement, the essential terms of the agreement were undisputed, and no party objected to the admission of parol evidence.

We review the bankruptcy court's fact determinations for clear error and its legal conclusions de novo. Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003); see also Chalik v. Moorefield, 748 F.2d 616, 619 (11th Cir. 1984) (appellate court must accept the factual findings of the bankruptcy court unless clearly erroneous, particularly when findings are affirmed by district court).[3]

No clear error has been shown in the bankruptcy court's determination that the transactions between En-Plas and Hunjan constituted sales. Quotations and purchase orders exchanged between the parties about the subject equipment listed the equipment to be sold, the full purchase price of the equipment, and payment terms as 10 percent down, 90 percent within 365 days of commissioning of the equipment. The quotation contained a warranty provision and also indicated that the risk of loss was on Hunjan upon shipment even if the full purchase price was not yet paid. The purchase orders and invoices were consistent with these

---

[3]In an appeal from the district court's affirmance of the bankruptcy court's order, we review the bankruptcy court's decision. Educ. Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007).

quotations. These documents evidence nothing other than an unconditional credit sale.[4]

We also conclude that the bankruptcy court correctly applied the parol evidence rule. At trial, En-Plas contended the understanding between the parties was that the 10 percent down in the quotation applied to shipping costs, that En-Plas retained title to the equipment, and that no binding contract arose until Hunjan arranged financing for the subject equipment or was awarded a production contract. Under Alabama's version of the Uniform Commercial Code,

> [t]erms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. . .

Ala. Code § 7-2-202. Because the quotations and purchase orders were consistent in their terms, parol evidence barred contradictory evidence. About the testimony that Hunjan obtain financing or a production contract before a binding contract with En-Plas arose, the bankruptcy court construed this as a condition subsequent that potentially could have discharged Hunjan of its duty to pay the full purchase

---

[4]En-Plas asserts that, if a sale did occur, it was a sale on approval and Hunjan never accepted the machines. We reject this argument; as noted, we see no error in the bankruptcy court's determination that an unconditional sale occurred.

5

price. We see no error in this determination. See Ala. Code § 7-2-202(b) (the agreed-upon terms of a contract can be explained or supplemented by consistent additional terms).[5]

In addition to barring the testimony under the parol evidence rule, the court did not credit the testimony that the transactions were bailments. As noted by the bankruptcy court, several facts about the transactions were inconsistent with a bailment, including the warranty provision in the quotation and En-Plas's accounting records, which did not record the 10 percent down-payment as shipping costs but, instead, as a deposit. And En-Plas's characterization of the transactions evolved throughout the bankruptcy proceedings; at various times, En-Plas referred to the transactions as a lease with an option to purchase, a use agreement, and a bailment. None of these terms were reflected in the writings exchanged between the parties before bankruptcy proceedings began. Thus, the bankruptcy court correctly concluded that to credit testimony about bailment would require it to ignore the writings exchanged between the parties. We will not disturb the bankruptcy court's credibility determinations. See In re Englander, 95

---

[5]En-Plas faults the bankruptcy court for determining that the writings were intended by the parties to reflect their final agreement; but the parol evidence rule applies to "[t]erms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement." Ala. Code § 7-2-202 (emphasis added). As noted, the quotations and purchase orders agreed on the terms, and the bankruptcy court was correct in applying the rule for that reason.

F.3d 1028, 1030 (11th Cir. 1996) (the reviewing court must give due regard to the

bankruptcy court's opportunity to judge the credibility of the witnesses); In re

Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990) (bankruptcy court's consideration

of extrinsic evidence to determine parties' intentions about a contract are subject

only to clearly erroneous review).[6]

AFFIRMED.

---

[6]The district court also correctly concluded that, because the transactions were sales, Regions' properly perfected security interest attached  -- via an after-acquired property clause -- to the proceeds of the subject equipment.