[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11232
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-01108-JFG

In Re: John A. King                                        Debtor.

-------------------------------------------------------------------------------------------------

JOHN A. KING,

                                                           Plaintiff-Appellant.

                              versus

RENEE BLACKMAN,
H. SLOAN BLACKMAN,
MISTY D. SHEPHARD,

                                                           Defendants-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 8, 2010)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

John King appeals pro se a judgment in favor of Renee Blackman, Sloan Blackman, and Misty Shephard in their adversary proceeding against King in his bankruptcy proceeding. The bankruptcy court ruled that King's debts were nondischargeable because he made false oaths about the existence of financial records and about his examination and approval of a statement of financial affairs and schedules accompanying his petition for bankruptcy. 11 U.S.C. § 727(a)(4). We affirm.

King argues there was insufficient evidence to prove he made false oaths, but we disagree. King's statement of financial affairs and schedules omitted assets and interests in entities and trusts that were relevant to determining his financial condition. See Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1999); Chalik v. Moorefield, 748 F.2d 616, 618–20 (11th Cir. 1984). The bankruptcy court was entitled to find that King's omissions were intentional and to discredit his evasive and inconsistent testimony. See Chalik, 748 F.2d at 619. The bankruptcy court did not clearly err by denying King a discharge.

King makes two other complaints about the adversary proceeding, but both complaints are meritless. First, King argues that the bankruptcy court omitted findings of fact from its written order, but the bankruptcy court made extensive

2

oral findings of fact during the adversarial hearing. King cites no authority that requires a bankruptcy court to make its findings in a written order. Second, King complains that the bankruptcy judge was biased, but King failed to raise that objection in the bankruptcy court. The bankruptcy judge had the discretion to question King, comment on the evidence and his knowledge of other proceedings that related to King's petition for bankruptcy, and admonish King to respond to questions. See Fed. R. Evid. 614(b); Hanson v. Waller, 888 F.2d 806, 812–13 (11th Cir. 1989) (discussing Moore v. United States, 598 F.2d 439, 442 (5th Cir. 1979)). The record does not support King's argument that the bankruptcy judge abused that discretion.

The judgment in favor of the Blackmans and Shephard is **AFFIRMED.**