[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16440
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00001-LGW-JEG-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY TYRONE WEBB, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 9, 2013)

Before WILSON, MARTIN and COX, Circuit Judges.

PER CURIAM:

Tony Tyrone Webb, Jr., appeals his convictions for armed bank robbery and

conspiracy to use, carry, and brandish a firearm during a crime of violence,

contending that the evidence was insufficient to support those convictions. He also appeals his 151-month sentence, contending that the district court erred by including a two-level leadership enhancement under U.S.S.G. § 3B1.1(c) into his total offense level. We affirm his convictions and his sentence.

I.

A grand jury indicted Webb and his cousin, Olajawonne Webb, on three counts. Count I charged them with conspiring to use, carry, and brandish a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count II charged them with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Count III charged them with using, carrying, or brandishing a firearm during a crime of violence, also in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Olajawonne pled guilty to Counts I and II and agreed to testify against Webb. Webb proceeded to trial, at which Olajawonne testified. The jury convicted Webb on Counts I and II and acquitted him on Count III.

The U.S. Probation Office then prepared a presentence investigation report that calculated his total offense level under the Sentencing Guidelines at 32. That calculation included a two-level enhancement for being an organizer or leader of the criminal activity. Over Webb's objection, the district court agreed with the report and found Webb's total offense level to be 32, for which the advisory

imprisonment range is 121 to 151 months. The court selected sentences of 151 months, to be served concurrently, for both counts of conviction.

## II.

Webb makes two contentions on appeal: (A) that the evidence was insufficient to support his conviction under either count because Olajawonne was not a credible witness; and (B) that the district court erred by including the two-level leadership enhancement into his total offense level, again because Olajawonne's testimony about Webb's role in the offenses was not credible.

## A.

We review the sufficiency of evidence supporting a criminal conviction de novo. *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010). We will uphold the conviction "unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). Accordingly, we view the evidence "in the light most favorable to the government" and we make "all reasonable inferences *and credibility choices* . . . in the government's favor." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997) (emphasis added).

Webb's contention that the evidence is insufficient to support a conviction fails. Olajawonne testified that he and Webb robbed the bank named in the indictment on the date stated in the indictment. He also testified that Webb

3

provided the gun used during the robbery.  Olajawonne's testimony is direct evidence that Webb committed the offenses in Count I and Count II.

Webb's contention depends on the assertion that Olajawonne's testimony was not credible because it is inconsistent with the testimony of several other witnesses, including Olajawonne's sister and stepbrother.  Essentially, then, Webb asks us to review the jury's determination of Olajawonne's credibility in light of contradictory testimony.  We will not do so.  *See United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005) (rejecting an argument that certain of the prosecution's witnesses were not credible in light of inconsistent testimony from other witnesses because this court does not "revisit the credibility determinations of the jury").

## B.

A district court's application of a leadership enhancement under U.S.S.G. § 3B1.1(c) is a factual finding, and we therefore review it for clear error.  *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011).  We will not find clear error where the record supports the district court's finding.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

A leadership enhancement is appropriate under § 3B1.1(c) if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved four or fewer participants and was not "otherwise extensive."

4

Here, the district court found that Webb "planned the armed bank robber[y]" and "recruited his cousin to participate." (Dkt. 93 at 2.) Webb argues again that this finding, which he believes is based only on Olajawonne's testimony, is contradicted by the testimony of Olajawonne's brother and stepbrother. But contradictions between witnesses' testimony, when each witness's testimony is plausible and not contradicted by extrinsic evidence, "can virtually never" be a basis for clear error. *Hatt 65, LLC v. Kreitzberg*, 658 F.3d 1243, 1250 (11th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985)). It is the district court, not this court, that "is best able to assess the credibility of the witnesses before [it] and thus the evidentiary content of their testimony." *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984).

Webb has pointed to neither an inherent implausibility nor any extrinsic contradictory evidence that would call Olajawonne's testimony into question. We therefore find no clear error in the district court's finding that Webb met the requirements for a leadership enhancement under § 3B1.1(c).

## III.

Webb's convictions and sentence are AFFIRMED.